# AFFIDAVIT

**STATE OF WEST VIRGINIA**

**COUNTY OF Kanawha, to-wit:**

I, Asa M. Gravley, being first duly sworn, do hereby depose and state as follows:

### Affiant Training and Experience

1. This affidavit is made in support of an application for a warrant authorizing the search of a black, LG cell phone, serial number 007VTBB0081741, IMEI: 356897100768414, seized from Mark Bolling (BOLLING) on September 19, 2020, incident to his arrest after a traffic stop on US Route 19 in the area of Maple Lane, Fayetteville, Fayette County, West Virginia. The mobile phone is currently located in Charleston, Kanawha County, West Virginia in the custody of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF").

2. I am employed as a Special Agent of the ATF with the United States Department of Justice and have been since May 2021. I am a graduate of the Federal Law Enforcement Training Center's criminal investigator training program as well as the ATF National Academy. I have received investigative training in overt and/or covert methods to

investigate violent criminal acts by individuals, organizations and/or gangs. These violent acts commonly involve the criminal use and transfer of firearms, illicit drug trafficking, acts of arson, criminal possession or use of explosives and/or destructive devices. I have participated in numerous investigations involving armed drug trafficking and violent crimes. Because of my training and experience, I am empowered to investigate violations of federal law. I have been the affiant on search warrants. As a case agent, I have experience in the fundamentals of mobile communications, electronic and cellular data analysis.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## Probable Cause

4. On September 14, 2020, ATF Task Force Officer Weaver ("TFO Weaver") and ATF Task Force Officer Thomas ("TFO Thomas") interviewed a source of information ("SOI") regarding the trafficking of illegal narcotics, such as

heroin and meth. The SOI identified the target as BOLLING living at 117 Keystone Drive in Charleston, West Virginia. He stated BOLLING had in his possession several firearms.

5. The SOI advised he has known BOLLING for an extended period of time and is familiar with him. The SOI stated that he has purchased illegal narcotics from BOLLING. The SOI described the address/ structure to be a yellowish in color, two-story, 4-unit apartment building. SOI advised that the driveway to the apartment complex is a horseshoe and there are storage units behind it. The SOI's description of the BOLLING'S address has since been confirmed by surveillance and a controlled purchase of methamphetamine.

6. The SOI stated that he has seen several ounces of meth and several ounces of heroin inside BOLLING'S residence, specifically in BOLLING's bedroom (top left apartment). The SOI stated that he has witnessed several firearms inside the residence and has personally witnessed BOLLING trading a firearm for narcotics. The SOI believed BOLLING to be a convicted felon because BOLLING had stated he had done time in the 80-90's for weapon offenses. SOI also advised that he has witnessed individuals bringing firearms to BOLLING

and sell them to him. SOI stated that BOLLING has asked if the firearms were stolen and the individuals advised they were, and he still purchased them from the individuals.

7. The SOI stated that he knows firearms well and believes there are approximately 20 firearms inside the apartment complex housed in a safe in the building. SOI has stated that the other units are unoccupied but used to house guns and illegal narcotics by BOLLING.

8. The SOI stated that BOLLING was driving a gray Nissan (small sedan) which was a rental car. The SOI stated the car was driven by BOLLING and other females to Cleveland, Ohio. While in Cleveland, Ohio BOLLING picked up illegal narcotics, believed to be Heroin. The SOI stated that methamphetamine was supposedly acquired as well.

9. A review of records for BOLLING revealed felony convictions in California: 1985-Prohibited Person in Possession of Firearm, Stolen Property, 1st Degree Burglary; 1988-Possession/manufacturing/sell of dangerous weapons; 1989- Possession narcotics controlled substance; 1991- Taking vehicle without consent; and 1992- Theft. In addition to the felony convictions in California, BOLLING

has one felony conviction in West Virginia: 2019- Delivery of Controlled Substance. BOLLING also has federal felony convictions in the Southern District of West Virginia: 1996- felon in possession of a firearm; 1997- felon in possession of a firearm, and in 2007 violated his supervised release.

10. ATF Resident Agent in Charge Adam Black pulled tax information from the Kanawha County Assessor's Office for BOLLING and found that BOLLING owns the residence at 117 Keystone Drive Charleston, West Virginia, and the land around it, which includes a multi-bay storage unit.

11. ATF SA David Bullard requested a mail watch on 117 Keystone Drive, Charleston, West Virginia, and he was informed that that location does not receive mail. SA David Bullard has not been able to find any information that individuals other than BOLLING are living in any of the rooms at 117 Keystone Drive, Charleston, West Virginia.

12. SA David Bullard listened to a recorded jail call from BOLLING to an unknown female asking her to move his "tools" from his bedroom to the room across the hall. This is consistent with the information from the SOI that BOLLING is in sole possession of the residence and all of the rooms

5

therein.

13. On September 16, 2020, SA Vincent Knoll, SA David Bullard, and SA Sean McNees, met with a confidential informant (CI) at a prearranged location. The CI advised that BOLLING had agreed to sell him/her an amount of heroin, and had instructed the CI to come to 117 Keystone Drive, Charleston, West Virginia. The CI was then searched by Charleston Police Department Officer Brandon Burton as well as SA Knoll with negative results for contraband. The CI was then provided with $500.00 of ATF agent cashier funds and a recording device/transmitter was placed on the CI's person. The CI was then driven to an area near 117 Keystone Drive, Charleston, West Virginia. The CI then got out of the vehicle and walked the rest of the way to BOLLING's residence. Other officers from the Charleston Police Department and additional ATF Agents were already in the area and observed the CI walking in the area of the target location.

14. After arriving at 117 Keystone Drive, Charleston, West Virginia, the CI entered through the front door and then made contact with BOLLING. After meeting with BOLLING, the CI then returned to the prearranged location.

6

15. Once back at the prearranged location, the CI then entered the vehicle and SA McNees then deactivated the recording device. The CI then handed SA McNees a plastic baggy that contained an amount of a clear crystal-like substance consistent with methamphetamine. The CI was then searched by SA McNees and was found to be free of any contraband. The CI then stated that he/she had just met with BOLLING and had purchased an amount of methamphetamine for $500.00. The CI advised that BOLLING had run out of Heroin, so the CI purchased Meth instead. The CI advised that BOLLING was wearing a yellowish/green in color shirt and jeans. The CI advised that placed on the bed beside BOLLING was a Glock, model 30, 45 caliber pistol. The CI advised he/she would be able to purchase a firearm from BOLLING. The CI also stated that Chris Smith had been present inside the residence of 117 Keystone Drive, Charleston, West Virginia, but was not involved in the above-mentioned controlled purchase.

16. On September 16, 2020, SA Knoll weighed the above-mentioned suspected methamphetamine. The packaged weight of the suspected methamphetamine was approximately 10.10 grams. A field test of the suspected methamphetamine was

also conducted. The field test showed a positive result for methamphetamine.

17. On September 16, 2020, SA McNees along with SA Knoll reviewed the recordings of the above-mentioned controlled purchase. BOLLING is visible on the recording inside of 117 Keystone Drive, Charleston, West Virginia. BOLLING is observed talking about selling an AR style rifle and handguns just a few days prior to the above-mentioned controlled purchase as well as stating that the CI owed money to BOLLING for being "behind two ounces". It is not clear whether the defendant is referring to methamphetamine or heroin.

18. On September 19, 2020, Fayette County Sheriff's Office and Fayetteville PD conducted a traffic stop on a Silver Nissan Kick bearing (VA# UKZ7024). The driver was identified as BOLLING. During a search of the vehicle 109.5 grams of methamphetamine (individually packed in .10 gram packages) and 34 grams of Heroin (individually packaged in .10 grams) were located. In addition to the illegal narcotics seized, there was $7024.00 cash located in the vehicle believed to from narcotics sales.

19. A search of BOLLING revealed a black, LG cell phone, serial number 007VTBB0081741, IMEI: 356897100768414 ("LG

phone"). A recorded jail call between BOLLING and his wife revealed that BOLLING asked his wife to remotely delete the contents of his cell phone after he had been arrested.

20. Pursuant to a previous federal search warrant, on October 1, 2020, the LG phone recovered from BOLLING was submitted to Detective J.A. Payne, a Digital Forensic Examiner for the Kanawha County Sheriff's Office Laboratory (KCSO) for analysis. Detective Payne advised the LG phone was not supported by UFED for unlock/secure start-up bypass at that time. However, on January 24, 2022, Detective Payne advised that as of December 2021, specialized tools, that is, UFED-P Version 7.21, is now available to perform an unlock on the LG phone.

21. I know based upon my training and experience that when individuals use "smart phones", such as this LG phone recovered from BOLLING, in the course of a drug trafficking enterprise, evidence of their activities remain on the memory of the phone. Such evidence includes messages, contact lists, call logs, photographs of drugs, money, and co-conspirators, information relative to the ownership, registration, and usage of the device, location information in the form of address searches and mapping information relative to travel in furtherance of the enterprise as well

9

as email communication with suppliers and customers, calendar information, ledgers, and notes.

22. This affidavit is intended to show that there is probable cause for the requested search warrant and does not purport to set forth all of my knowledge of, or investigation, into this matter.

Further, your affiant sayeth naught.

---

Asa M. Gravley
Special Agent
Bureau of Alcohol, Tobacco and Firearms

Signed and sworn to by telephonic means this 10th day of February, 2022.

---

Honorable Dwane L. Tinsley
United States Magistrate Judge
Southern District of West Virginia

10